This is an action to recover of the defendants the sum of $912.45, with interest, the amount due to the plaintiff as rents for property leased by the plaintiff to the defendant, C. B. West.
At the date of the lease, which is in writing, the defendant, C. B. West, as principal, and the defendants, M. T. Atkins, Oscar Bowden and Nobel L. Clay, as sureties, executed a bond in the sum of five thousand dollars, payable to the plaintiff, and conditioned for the payment to the plaintiff by the defendant, C. B. West, as lessee, of the rents which should accrue under said lease, or under a renewal thereof, if the lease should be renewed in accordance with its provisions, which are as follows:
"However, it is further stipulated and agreed that the said party of the second part is to have the option and the election of renewing this lease from the term hereinafter provided for, for an additional period of two years, provided, however, said party of the second part gives written notice of his election to renew, which said written notice must be given at least sixty days prior to 31 May, 1929."
The original term of said lease expired on 31 May, 1929. The defendant, C. B. West, did not give notice in writing to the plaintiff at least sixty days prior to said date of his election to renew said lease for an additional term of two years. On 27 April, 1929, he appeared before a called meeting of the board of commissioners of the plaintiff, and requested that the date for the exercise by him of his election to renew said lease be extended three months. This request was granted. On 12 August, 1929, at the request of the said defendant, C. B. West, the lease was renewed for a term of nine months from 1 August, 1929, with the privilege of a further renewal for a period of two years, from and after the expiration of said nine months. The defendant, C. B. West, remained in possession of the property described in the lease until 9 October, 1929, when he abandoned said property.
There is now due the plaintiff as rents for the term which expired on 31 May, 1929, the sum of $209.63, and for the term which expired on 19 October, 1929, the sum of $702.82.
Judgment by default was rendered against the defendant, C. B. West, for the sum of $912.45, with interest and costs. The summons in the action was not served on the defendant, Nobel C. Clay. After the execution of the bond filed with the plaintiff, the defendant, Henry Vann, agreed in writing to indemnify the sureties on said bond against loss by reason of the execution of said bond. *Page 202 
The only issue submitted to the jury at the trial of the action was as follows:
"In what amount, if any, are the defendants, M. T. Atkins, Oscar Bowden and Nobel L. Clay, as sureties on the bond referred to in the complaint, and their assignee, Henry Vann, indebted to the plaintiff?"
The court instructed the jury that if they believed the evidence, and found the facts to be as all the evidence tended to show, they should answer this issue, $209.65, with interest from 31 May, 1929. The plaintiff excepted to this instruction.
The jury answered the issue, $209.63, with interest from 31 May, 1929.
From judgment on the verdict that plaintiff recover of the defendants, M. T. Atkins, Oscar Bowden and Henry Vann the sum of $209.63, with interest from 31 May, 1929, and the costs of the action, the plaintiff appealed to the Supreme Court.
The defendants, M. T. Atkins and Oscar Bowden, admit their liability as sureties on the bond filed with the plaintiff by the defendant, C. B. West, for the sum due plaintiff as rents for the term which expired on 31 May, 1929, to wit, $209.63; they deny their liability for the sum due as rents which accrued after said date, to wit, $702.82.
The lease was not renewed by the defendant, C. B. West, in accordance with its provisions. For this reason, neither the defendants nor their assignee, Henry Vann, are liable for the rents which accrued after the expiration of the lease. There was no error in the instruction of the court to the jury. The judgment is affirmed.
No error.